IN THE MATTER OF THE PROBATE OF THE WILL OF PATRICK DONLON, DECEASED.

*Surrogate's Court — power to open a decree for sufficient cause — service of a citation, issued and addressed to an infant, upon a mother who was insane.*

The will of Michael Donlon, relating only to real estate, was presented for probate by his executor, and was admitted to probate in proceedings in which citations were served upon infant heirs-at-law, aged, respectively, five and seven years, by delivering copies to their mother, the widow Ellen Donlon, and to the infants. Ellen Donlon was, at the time of such service, insane, although she had not been, and never has been, judicially declared to be insane. A special guardian was appointed for the infants at the time, and subsequently Michael Finn was appointed general guardian, for the infants, who, within a year of the time of probate, petitioned the court to open the probate of the will upon the ground that Ellen Donlon was not, at the time of the service of the citations upon her for the infants, a person competent to protect their interests.

From an order granting the application the executor appealed

*Held*, that the order was properly made.

That, under subdivision 6 of section 2481 of the Code of Civil Procedure, the surrogate had power for "sufficient cause" to open a decree, and that the service of a citation upon a person *non compos mentis*, for whom no next friend had been appointed, was sufficient cause for the exercise of the power to open the decree and grant a new trial.

APPEAL by William B. Donlon, as executor of Patrick Donlon, deceased, and by John Donlon, an infant and a beneficiary under the will of Patrick Donlon, severally, from an order of the Surrogate's Court of the county of Saratoga, entered in its office on the 27th day of January, 1892, opening and setting aside a decree of

the court, entered on the 30th day of January, 1891, admitting to probate the will of Patrick Donlon, and excusing the default of Michael Finn, general guardian of John Donlon and Michael Donlon, infant children and only heirs-at-law of the deceased, and upon their filing contesting allegations ordering a trial of the issues framed thereby, with notice that the appellants would bring up for review upon the appeal the rulings of the surrogate, made upon the preliminary objections to the sufficiency of the petition.

The infant petitioners were aged about five and seven years, respectively.

*J. L. Henning,* for the appellants.

*J. W. Houghton,* for the respondent.

MAYHAM, P. J. :

The default of the petitioners was excused, and the decree admitting the will to probate opened solely upon the allegations of the verified petition of the petitioners. The petition shows that the will related to real estate, and it does not appear by the petition of the respondent, or by the affidavits used in opposition thereto, that any personal property was bequeathed in the will.

The will was admitted to probate on the 9th day of February, 1891, and the petition of the respondent to set aside the probate was filed January 4, 1892.

While it appears that the petition in this case was filed within one year from the time of the probate of the will, yet, as the will is not one of personal property, the probate could not be revoked by the surrogate under the provisions of sections 2647 and 2648 of the Code of Civil Procedure, as those sections only relate to wills of personal property.

The power of the surrogate to vacate the decree of probate must, therefore, be found, if it exists in this case, in the provisions of section 2481 of the Code. Subdivision 6 of that section provides that "A surrogate in court, or out of court, as the case requires, has power ' to open, vacate, modify or set aside or to enter, as of a former time, a decree or order of his court ; or to grant a new trial, or a new hearing for fraud, newly discovered evidence, clerical error or other sufficient cause. The powers conferred by this subdivision must be

exercised only in a like case, and in the same manner as a court of record and of general jurisdiction exercises the same power.'"

The same subdivision gives this court on appeal the same powers as the surrogate, and requires that his determination shall be reviewed by this court as if an original application was made in this court.

This brings us to the consideration of the question whether the petition in this case, when read in the light of the evidence offered by the appellant, furnishes sufficient facts to require this court acting upon it to set aside the decree admitting this will to probate.

The petition discloses that all the parties entitled to notice of the propounding of this will for probate were duly cited. That the infants, although not personally in attendance at the time . of the probate, were duly represented by guardian *ad litem* appointed by the surrogate.

But it is also alleged that the widow of the deceased and the mother of these infants was, at the time of such service and probate, and still is, a person of unsound mind and incapable of understanding and protecting her rights and that of her infant children.

This allegation does not seem to be in any way controverted by the appellant, and must be regarded as established on this appeal. I am of the opinion that the service of a citation upon a person concededly *non compos mentis*, and for whom no next friend or representative is appointed by the court would be "sufficient cause," under section 2481 of the Code of Civil Procedure, to authorize the surrogate to open the decree in this case for the probate of the will in question and to grant a new trial therein.

It is true that the widow of the testator has not, so far as appears in this case, been judicially declared incompetent, but as that fact now appears that she is incompetent, and as she did not appear at the hearing, it would be the duty of the surrogate to appoint a competent and responsible party to appear for her in such proceeding pursuant to the provisions of section 2530 of the Code of Civil Procedure.

The whole policy of the law is that persons not competent to protect their own interest in legal proceedings prosecuted against them, or affecting their personal or property rights, must have their day

in court through a competent representative, and that right has been denied or at least was not enjoyed by the widow in this case, and it was to guard against the injustice that might result to an incompetent party, that the power was given to the surrogate by section 2481 to open, vacate, modify or set aside a decree for sufficient cause.

We think the order appealed from should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with costs.